UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-780(DSD/LIB)

Bobbie W. Patrick,

       Plaintiff,

v.                                                              **ORDER**

Commissioner of Social Security,

       Defendant.


This matter is before the court upon the objections of plaintiff Bobbie W. Patrick to the January 26, 2011, report and recommendation of United States Magistrate Judge Leo I. Brisbois. In his report, the magistrate judge recommends denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment. For the following reasons, the court adopts the report and recommendation in its entirety.

**BACKGROUND**

Patrick seeks judicial review of the decision by defendant Commissioner of Social Security to deny his May 10, 2005, application for disability insurance benefits and supplemental security income. Admin. R. at 15. Patrick's application was denied on July 28, 2005, and the decision was affirmed upon reconsideration on November 14, 2005. Id. at 44, 49. Patrick then requested an administrative hearing. At the July 16, 2007, hearing, an Administrative Law Judge (ALJ) heard testimony from

medical and vocational experts. On November 2, 2007, the ALJ affirmed the denial of Patrick's application. Id. at 15-22. On January 15, 2010, the Social Security Appeals Council denied Patrick's request for review. Id. at 4-8. Patrick filed the present action on March 12, 2010, seeking judicial review of the ALJ's decision. The magistrate judge determined that the ALJ properly discounted the opinion of Patrick's treating physician and that the medical evidence substantially supported the ALJ's determination. He therefore recommended that summary judgment be granted in favor of the Commissioner. Patrick objects, arguing that the ALJ erred by not granting controlling weight to his treating physician's opinion and discounting subjective complaints of pain as not fully credible. The court now considers the objection.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo, and the findings and decision of the ALJ for substantial evidence. See 28 U.S.C. § 636(b)(1)(C); Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." Nicola v. Astrue, 480 F.3d 885, 886 (8th Cir. 2007) (citation omitted). On review, the court considers "both evidence that detracts from and evidence that supports the

Commissioner's decision." Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) (citation omitted). "However, the mere fact that some evidence may support the opposite conclusion than that reached by the Commissioner does not compel [the] [c]ourt to reverse the decision of the ALJ." Id. (citation omitted). Rather, if it is possible to reach "two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir. 2005) (citation omitted).

Patrick argues that the ALJ erred by declining to grant controlling weight to the opinion of his treating physician. "While the opinions of treating physicians are entitled to special weight, they do not automatically control, since the record must be evaluated as a whole." Bentley v. Shalala, 52 F.3d 784, 786 (8th Cir. 1995) (citation omitted). Moreover "the opinion must be supported by medically acceptable clinical or diagnostic data" and "can be discounted if other assessments are supported by better or more thorough medical evidence." Rogers v. Chater, 118 F.3d 600, 602 (8th Cir. 1997) (citation and internal quotation marks omitted). In this case, the ALJ gave "significant weight to the opinion of" a non-treating physician and gave "considered but not controlling weight to the opinions of Dr. Barr," Patrick's treating physician. Id. at 21. The ALJ declined to grant controlling weight to the opinion of Dr. Barr because she cited diabetes as the

basis for her opinion but provided no objective support and overlooked the fact that Patrick's diabetes was improving over time. See Tr. at 21. Because Dr. Barr's opinion was not adequately supported, the ALJ did not err in granting it considered, but not controlling, weight.

Patrick next argues that the ALJ erred when he discounted the treating physician's opinion because Patrick's subjective complaints were not credible. "[A]n appropriate finding of inconsistency with other evidence ... is sufficient to discount the opinion" of a treating physician. Goff, 421 F.3d at 790-791. The ALJ noted that Patrick testified that he has experienced excruciating pain (ten on a scale of one to ten) up to three times per week for nearly eight months, but has not sought prescription pain medication and uses only aspirin. Id. at 20. The ALJ found that Patrick's "ability to function without strong pain medication is inconsistent with his allegations of disabling levels of pain." Id. The severity of Patrick's subjective complaints is inconsistent with other evidence in the record.

Patrick further argues that the ALJ relied too heavily on his ability to perform simple activities of daily living. An ALJ is required to evaluate a claimant's activities of daily living, including "cleaning, shopping, cooking ... paying bills, maintaining a residence, [and] caring appropriately for [one's] grooming and hygiene ...." 20 C.F.R. pt. 404, subpt. P, app. 1.

§ 12.00(C)(1).  However, "a claimant need not prove she is bedridden or completely helpless to be found disabled." Thomas v. Sullivan, 876 F.2d 666, 669 (8th Cir. 1989).  The Eighth Circuit has "repeatedly held ... that the ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive work." Baumgarten v. Chater, 75 F.3d 366, 369 (8th Cir. 1996) (citation and internal quotation marks omitted). But cf. Davidson v. Astrue, 501 F.3d 987, 991 (8th Cir. 2007) (rejecting treating medical opinions that claimant could sit, stand, and walk for only three hours per day when she regularly attended her daughter's basketball games that lasted up to four hours).  The ALJ also noted that Patrick testified to a loss of strength in his hands, but that he is able to "grocery shop using both arms to carry groceries."  Admin. R. at 20.  The ALJ found that Patrick resides alone, "takes care of his personal needs, cooks, does housework including laundry and vacuuming, shops, occasionally reads, sees other tenants during the day, and handles his own finances and medications."  Id.  Although these considerations reflect a "fairly active" lifestyle, they do not form the sole basis for the ALJ's determination.  The ALJ's credibility determination was also based on lack of objective evidence to support the treating physician's opinion.  Therefore, substantial evidence supports the decision of the ALJ, and the court overrules

5

plaintiff's objection.  The court adopts the thorough and well-reasoned report and recommendation in its entirety.

## CONCLUSION

Accordingly,, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objections [ECF No. 17] are overruled;

2. The report and recommendation of the magistrate judge [ECF No. 15] is adopted;

3. Plaintiff's motion for summary judgment [ECF No. 8] is denied; and

4. Defendant's motion for summary judgment [ECF No. 10] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 2, 2011

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court